CASE NO. 18-CI-42

GREEN CIRCUIT COURT
DIVISION II

TERRY DAVIS
4150 Highway 566
Magnolia, KY 42757

And

AUSTEN DAVIS
4150 Highway 566
Magnolia, KY 42757

And

KAREN DAVIS
4150 Highway 566
Magnolia, KY 42757                                                PLAINTIFFS

FILED
MAR 2 3 2018
ANN ARNETT MATTINGLY, CLERK
BY _____ D.C.

v.

## COMPLAINT FOR DAMAGES WITH JURY DEMAND

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
One State Farm Plaza
Bloomington, IL 61710

        Serve: Corporation Services
               421 W. Main Street
               Frankfort, KY 40601                              DEFENDANTS

1. At all times pertinent hereto, Plaintiffs Terry Davis, Austen Davis and Karen Davis were citizens and residents of Green County, Kentucky residing at 4150 Highway 566, Magnolia, KY 42757.

2. At all times incident hereto, defendant State Farm Mutual Automobile Insurance Company, was a corporation incorporated under the laws of the state of Illinois and authorized to do business in the Commonwealth of Kentucky.

3. At all times incident hereto, Plaintiffs Terry Davis, Austen Davis and Karen Davis were insured by State Farm Mutual Automobile Insurance Company. The

policy contained Underinsured Motorist coverage in the amount of $50,000.00 per person/$100,000.00 per incident.

4. At all times incident hereto, Thomas McCubbins, who is not a party to this action, was an insured with State Farm Mutual Automobile Insurance Company. The policy contained Bodily Injury coverage in the amount of $50,000.00 per person/$100,000.00 per incident.

5. On or about December 5, 2015, in Green County, Kentucky, Thomas W. McCubbins, did so negligently operate his motor vehicle so as to cause a collision to occur with a vehicle owned by Leon Davis which was being operated by Plaintiff Austen Davis and in which Terry Davis was a passenger.

6. At all times incident hereto, Leon Davis, who is not a party to this action, was insured with State Farm Fire and Casualty Company, which provided insurance coverage for the vehicle Austen Davis was operating at the time of the collision.

7. As a result of the collision, Plaintiff Terry Davis sustained physical injuries requiring medical treatment, incurred medical expenses in excess of $465,000.00 and can be reasonably expected to incur additional medical expenses in the future.

8. As a result of the collision, Plaintiff Austen Davis sustained physical injuries requiring medical treatment, incurred medical expenses in excess of $115,000.00 and be reasonably expected to incur additional medical expenses in the future.

9. As a result of the collision, Karen Davis has been deprived of the love, affection, household services and conjugal relations with her husband, Terry Davis.

10. At the request of State Farm Fire and Casualty Company, Austen Davis gave a statement regarding the events surrounding the collision.

11. On information and belief, State Farm Fire and Casualty Company found Thomas McCubbins at fault in the collision and denied the property damage claim for the McCubbins vehicle.

12. As the request of John Center, an employee of State Farm Mutual Automobile Insurance Company, Plaintiffs provided photographs, diagrams and copies of Plaintiffs' medical expenses.

13. On behalf of State Farm Mutual Automobile Insurance Company, John Center denied Plaintiffs' claims by letter dated July 18, 2016.

14. On November 26, 2016 Plaintiffs instituted litigation against Thomas McCubbins and State Farm Mutual Automobile Insurance Company.

15. State Farm Mutual Automobile Insurance Company made no meaningful effort to settle Plaintiffs' claim against their insured Thomas McCubbins until January 28, 2018.

16. State Farm Mutual Automobile made no meaningful effort to settle Plaintiffs' claims for Underinsured Motorist Benefits until February 5, 2018.

17. For more than a year before a reasonable effort was made to fairly and equitably settle the claims of Terry Davis, Austen Davis and Karen Davis, Defendant State Farm Mutual Automobile Insurance Company was, or with a reasonable investigation would have been, aware of the extent of the injuries of Plaintiffs Terry Davis, Austen Davis and Karen Davis.

18. For more than a year before a reasonable effort was made to fairly and equitably settle the claims of Terry Davis, Austen Davis and Karen Davis, Defendant State Farm Mutual Automobile Insurance Company was, or with a reasonable investigation would have been, aware that the medical expenses incurred by Plaintiffs Terry Davis and Austen Davis as a direct result of the collision exceeded the Bodily

Injury limits of Thomas McCubbins' policy and the Underinsured Motorist limits of the Plaintiffs' policy.

19. For more than a year before a reasonable effort was made to fairly and equitably settle the claims of Terry Davis, Austen Davis and Karen Davis, Defendant State Farm Mutual Automobile Insurance Company was, or with a reasonable investigation would have been, aware that State Farm Fire and Casualty had denied the property damage claim for the vehicle operated by Thomas McCubbins in the collision.

20. In handling Plaintiffs' claims against Thomas McCubbins and for Plaintiffs' Underinsured Motorist Coverage, State Farm Mutual Automobile Insurance Company violated the Unfair Claims Settlement Practices Act, KRS 304.12-230, in at least the following ways:

> Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;
>
> Refusing to pay claims without conducting a reasonable investigation based on all available information;
>
> Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear; and
>
> Compelling insureds to institute litigation to recover amounts due under an insurance policy by offering less than the amount ultimately recovered in actions brought by such insureds.

21. As a direct and proximate result of State Farm Mutual Automobile Insurance Company's violations of the Kentucky Unfair Claims Settlement Practices Act, Plaintiffs Terry Davis, Austen Davis and Karen Davis suffered substantial damages, including emotional distress, severe anxiety and mental anguish.

22. State Farm Mutual Automobile Insurance Company's violation of the KUCSPA subjects them to damages as allowed by KRS 446.070.

23. That State Farm Mutual Automobile Insurance Company acted with oppression, fraud, malice and with reckless disregard for the consequences of its agent, John Center's acts by failing to reasonably investigate the claim given the information provided and make reasonable settlement offers in response to Plaintiffs' claims.

24. That State Farm Mutual Automobile Insurance Company is liable for punitive damages to Plaintiffs pursuant to KRS 304.12-230 and KRS 411.184 as well as under the common law of this Commonwealth.

**WHEREFORE**, the Plaintiffs, Terry Davis, Austen Davis and Karen Davis, demand judgment against the Defendant, State Farm Mutual Automobile Insurance Company, for compensatory and punitive damages; for a trial by jury of all issues triable as of right by a jury; for prejudgment interest at a rate of 12% per annum; for reasonable attorney's fees and costs; and for any and all further relief to which the Plaintiff may appear entitled.

Respectfully submitted,

Anne Milton McMillin
125 South 6th Street
3rd Floor
Louisville, KY 40202
Telephone: 502-822-6848
Email: ammatty@bellsouth.net
*Counsel for Plaintiffs*

| AOC-105 Doc. Code: CI |  | Case No. 18-CI-42 |
| Rev. 1-07 | | Court ☑ Circuit ☐ District |
| Page 1 of 1 | | |
| Commonwealth of Kentucky | | County Green |
| Court of Justice www.courts.ky.gov | | |
| CR 4.02; CR Official Form 1 | CIVIL SUMMONS | |

**PLAINTIFF**

Terry Davis
4150 Highway 566

Magnolia  Kentucky  42757

VS.

**DEFENDANT**

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
One State Farm Plaza

Bloomington  Illinois  61710

**Service of Process Agent for Defendant:**
Corporation Services
421 W. Main Street

Frankfort  Kentucky  40601

THE COMMONWEALTH OF KENTUCKY
TO THE ABOVE-NAMED DEFENDANT(S):

You are hereby notified a legal action has been filed against you in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: 3/23/2018

ANN ARNETT MATTINGLY _____ Clerk

By: JP _____ D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

this _____ day of _____, 2_____.

Served by: _____

_____ Title